

NUMBER 13-14-00177-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL ADAM ALVAREZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

### On appeal from the 24th District Court
### of DeWitt County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, Michael Adam Alvarez, appeals the trial court's revocation of his community supervision and adjudication of guilt for aggravated assault with a deadly weapon, punishable as a first-degree felony pursuant to the habitual offender statute. *See* TEX. PENAL CODE ANN. §§ 22.02 (West, Westlaw through 2013 3d C.S.), 12.42(b)

(West, Westlaw through 2013 3d C.S.).  By one issue, appellant contends that the trial court violated his Sixth Amendment right to consult with counsel by forcing his adjudication hearing to proceed after he indicated he was feeling ill.  We affirm.

## I.  BACKGROUND

On May 31, 2011, Alvarez pleaded guilty to aggravated assault with a deadly weapon, punishable as a first-degree felony pursuant to the habitual offender statute. *See* id. §§ 22.02, 12.42(b).  As a result of a plea agreement, Alvarez received eight years of deferred adjudication community supervision.  On January 9, 2014, the State filed a motion to revoke community supervision and adjudicate guilt, alleging that Alvarez had committed multiple violations of the terms of his community supervision.  The trial court held a hearing on the State's motion on February 27, 2014, at which appellant pleaded "not true" to all of the allegations.  After hearing testimony from the State's witnesses, the trial court found multiple allegations true, revoked Alvarez's community supervision, and assessed punishment at thirty-four years' imprisonment.  This appeal followed.

## II.  DISCUSSION

During the hearing, Alvarez's trial counsel initially informed the court that Alvarez had advised him that "he does not want to go forward with this.  I've told him unless we do some kind of plea bargain we're going forward and I'm ready."  However, after the State called its first witness, trial counsel notified the trial court that Alvarez had requested to talk to the trial court about his medical condition.  Alvarez then addressed the trial court, stating that he was on medication for a slipped disc and was very dizzy.  Alvarez explained, "I got a slipped disc and a pinched nerve and it's killing me right now.  I just want to get this over."  The trial court responded,

2

The problem is that we have all kind of people that have traveled here today for this hearing, people that have been subpoenaed to be here, and I just want the record to reflect that, you know, I am able to observe you and your condition. I see that you are in a wheelchair, but you were able to get up and you were able to get into your chair and sit next to [your trial attorney] and, from my observations, I think you're capable of going forward. I'd like to go forward with the hearing . . . .

Neither Alvarez nor his attorney ever requested a continuance.

Appellant argues that the trial court should have granted a continuance or a recess to allow Alvarez to regain his health so that he could participate at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 29.03 (West, Westlaw through 2013 3d C.S.) ("A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion."). Appellant contends that because of his illness, he was unable to effectively communicate with his trial attorney; therefore, by proceeding with the hearing, the trial court violated his Sixth Amendment right to counsel. *See* U.S. CONST. amend. VI. We disagree.

We review the granting or denying of a motion for continuance using an abuse of discretion standard. *Gallo v. State,* 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). The only case cited by appellant in support of his argument relates to whether a trial court abuses its discretion by failing to grant a continuance when trial counsel is not prepared for trial. *See Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (en banc) ("Where denial of a continuance has resulted in representation by counsel who was not prepared, we have not hesitated to declare an abuse of discretion.").

In the present case, Alvarez's trial counsel never informed the trial court that he could not communicate with Alvarez and, in fact, told the trial court that he was ready to proceed. And, while addressing the court, Alvarez specifically requested that he wanted

3

"to get this over." Moreover, the trial court determined on the record that, from its observations, Alvarez was capable of going forward. Nothing in the record indicates that Alvarez was unable to effectively communicate with his trial attorney or even that he or his attorney believed he was incapable of doing so. Accordingly, we hold that the trial court did not abuse its discretion by failing to grant a continuance and did not violate Alvarez's Sixth Amendment right to counsel. *See* U.S. CONST. amend. VI; *Gallo*, 239 S.W.3d at, 764.

We overrule Alvarez's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
Rogelio Valdez
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2014.

4